Garrett Kazuo Ige
NAME:

AN-9251
PRISON IDENTIFICATION/BOOKING NO

Avenal State Prison; Avenal, CA
ADDRESS OR PLACE OF CONFINEMENT

FILED
CLERK, U.S. DISTRICT COURT

JUN - 8 2018

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Fee Due

Note:   It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his name,
address, telephone and facsimile numbers, and e-mail address.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Garrett Kazuo Ige

FULL NAME (Include name under which you were convicted)

Petitioner,

v.

Rosemary Ndoh, Warden

NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

ED CV 18-1237-PA (KES)
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  San Bernardino
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.   To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition all the grounds for relief from the conviction and/or the sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.   When you have completed the form, send the original and two copies to the following address:
Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT

JUN - 7 2018

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention <u>Avenal State Prison</u>
   b. Place of conviction and sentence <u>San Bernardino Superior Court, Barstow div.</u>

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): <u>2 counts of first degree murder with special circumstances of lying in wait & multiple murders.</u>

   b. Penal or other code section or sections: <u>PC 187</u>

   c. Case number: <u>FBA 700552</u>
   d. Date of conviction: <u>January 9, 2013</u>
   e. Date of sentence: <u>March 11, 2013</u>
   f. Length of sentence on each count: <u>Life without the possibility of parole on each of the two counts.</u>

   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes   ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: <u>G 050722 (formerly E 058271)</u>
   b. Grounds raised (*list each*):
      (1) <u>Improper jury instructions(x4)</u>
      (2) <u>Cumulative errors</u>

(3) Lying in wait insufficiently proven

(4) 2x L.W.O.P., age 18, cruel and unusual punishment (U.S. Const.)

(5) 2x L.W.O.P., age 18, cruel and unusual punishment( CA Const.)

(6) Join all arguments of co-appellant Hughes

c. Date of decision: May 28, 2015

d. Result Conviction affirmed

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: S 227221

b. Grounds raised *(list each)*:

(1) Improper Jury Instructions(x4)

(2) Cumulative errors

(3) Lying in wait insufficiently proven

(4) 2x L.W.O.P., age 18, cruel and unusual punishment(U.S. Const.)

(5) 2x L.W.O.P., age 18, cruel and unusual punishment(CA Const.)

(6) Join all arguments of co-appellant Hughes

c. Date of decision: August 26, 2015

d. Result Declined to review

5. If you did not appeal:

a. State your reasons _____

_____

_____

_____

_____

b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: San Bernardino Superior Court

(2) Case number: WHCJS 1600307

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: Nov. 17, 2016

(4) Grounds raised *(list each)*:

(a) Ineffective assistance of counsel

(b) State errors denied a fair trial

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: January 10, 2017

(6) Result Procedural default. Citations to in re Dixon and in re Reno.

(7) Was an evidentiary hearing held?     ☐ Yes   ☒ No

b. (1) Name of court: California Court of Appeal, 4th Dis., Div. 2

(2) Case number: E 067916

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: Feb. 28, 2017

(4) Grounds raised *(list each)*:

(a) Ineffective assistance of counsel

(b) State errors denied a fair trial

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: March 29, 2017

(6) Result Denied.

(7) Was an evidentiary hearing held?     ☐ Yes   ☒ No

c. (1) Name of court: California Supreme Court

(2) Case number: S242285

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: May 29, 2017

(4) Grounds raised *(list each)*:

(a) Ineffective assistance of counsel

(b) State errors denied a fair trial

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: May 23rd 2018

(6) Result: Denied.

(7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:    *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.  Ground one: See Attachment

(1) Supporting FACTS: See Attachment

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes  ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes  ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes  ☐ No

b.  Ground two: See Attachment

(1) Supporting FACTS: See Attachment

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes  ☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes  ☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes  ☐ No

c.  Ground three: N/A

(1) Supporting FACTS: N/A

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

d.   Ground four: N/A

_____

(1) Supporting FACTS: N/A

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

e.   Ground five: N/A

_____

(1) Supporting FACTS: N/A

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

8.   If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons:   All grounds were presented to the California Supreme Court for consideration.

_____

9.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?       ☐ Yes ☐ No

b.   (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ___

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?       ☐ Yes ☐ No

10.  Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?       ☐ Yes   ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

11. Are you presently represented by counsel?   ☐ Yes  ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on *June 4th 2018*        _____
               Date                    *Signature of Petitioner*

ATTACHMENT "A"

In re Garrett Ige on habeas corpus

<u>GROUNDS FOR RELIEF</u>

<u>Ground One</u>
Ineffective Assistance of Counsel: Deficient Performance
     Petitioner's trial counsel was ineffective because the lawyer performed deficiently and the deficiency was prejudicial to the outcome. This violated Petitioner's constitutional right to counsel, as guaranteed by Amendments 6 and 14 to the U.S. Constitution. Specifically, trial counsel failed to investigate the confession of Kenden Ige, and as a result opted to omit the confession in an ill-advised trial strategy informed by carelessness, inattention, and neglect.
see:<u>Strickland v. Washington</u>, 466 U.S. 668(1984)
also:<u>Wiggins v. Smith</u>, 123 S. Ct. 2527(2003)

a.<u>Supporting Facts:</u>
     1)On October 3, 2003 an I.D. belonging to one of the victims along with several miscellaneous items were found in a fire pit outside of Newberry Springs CA. There were also a cigarette butt and gatorade bottles linked to the Petitioner through DNA testing
     2)On October 26, 2003 the charred bodies of Cheuk Lun Cheung and Haang Fung Chin were found in a remote area of Barstow, CA a short distance from Newberry Springs. In an effort to deliver the facts succinctly, Petitioner has chosen to omit extraneous evidence linking Petitioner to both sites. In his testimony Petitioner openly admitted to being present at both locations.
     3)Petitioner's brother, Kenden Ige(hereafter Kenden), was arrested in 2004. He was tried and convicted in 2007-2008.
     4)In the midst of Kenden's trial a key informant for the prosecution, Carlos Ramires, changed his statement the moment he was told he would be compelled to testify against Kenden in trial.
     5)Despite being in regular contact with police detectives for several months, he chose this moment to claim that Petitioner and co-defendant Lawrence Hughes had confessed to the murders four years prior in 2003. His statements to that point had only inculpated Kenden.
     6)Petitioner and Hughes were arrested and charged for the murders in 2007.
     7)On March 25, 2011 Petitioner's then counsel Michael Belter and private investigator Danny Braun went to California State Prison at Lancaster to interview Kenden Ige. The interview lasted approximately two hours and exculpated both Petitioner and Hughes from direct involvement in the murder.
     8)On March 30, 2011 while his appeal was still pending, Kenden committed suicide by hanging himself inside his prison cell.
     9)Belter and Braun recused themselves from the case due to a conflict of interest and were relieved. see:\Attachment B(1)

10) Newly appointed counsel Richard Crouter was oblivious to the fact that Braun was ineligible as an investigator, underscoring the incompetence that informed decision making. see: Attachment B(4)

11) Crouter was negligent in failing to investigate and acquire the property of Kenden. Belter had been corresponding with the CDCR in an attempt to retain said property just prior to his relief. see: Attachment B(1)

12) The ignorance of the absence of an eligible investigator demonstrates the negligent inattention and complete lack of effort towards investigating Kenden's confession.

13) On November 27, 2012 in the middle of trial, Petitioner's trial counsel Richard Crouter submitted a Memorandum of Points and Authorities Regarding Admissibility of Evidence. Within his memorandum Crouter acknowledges that the original report from Danny Braun regarding Kenden's confession interview had been "misplaced". see: Attachment B(2)

14) Defense counsel was incompetent in misplacing the report and ineffective in failing to acquire and present another. There were no other copies or documents of any kind regarding the Kenden interview in the possession of the defense or any other party involved in the trial. It should be noted that another copy was readily available in the possession of Belter. see Attachment B(1)

15) At trial Crouter advanced a defense centered around the testimony of Petitioner and Hughes. Both acknowledged their participation in transporting the victims bodies to the Barstow area but denied being present when the murders occured over 100 miles away in San Gabriel.

16) Defense counsel stated to defendants that they were adopting a strategy of omitting Kenden's confession. Crouter stated that because Ige and Kenden were siblings, Kenden's confession would not seem credible. Hughes' counsel, Byron Congdon claimed that the court had ruled the confession inadmissible.

17) Defendants and defense counsel strongly disagreed about the omission of Kenden's confession and failing to call Belter and Braun as witnesses.

18) Trial counsel for Hughes was also in possession of an admission letter written by Kenden and sent to Hughes' former counsel. This letter was not presented for consideration nor shared with Crouter.

19) At this juncture it is unclear as to wheter or not Kenden's confession was admissible either in letter form or via the testimony of Braun and Belter. The trial court made no formal ruling on the record.

20) Trial counsel was deficient in failing to pursue a ruling regarding the admissibility of Kenden's confession as put forth in the aforementioned memorandum. Trial counsel was also inadequately prepared to obtain the confessions admission.

21) Trial counsel was ineffective in failing to contact Belter even though he was readily available and eager to provide his assistance. Not only was his testimony exculpatory, he was also in possession of a copy of the Braun report as well as

ATTACHMENT A: HABEAS GROUNDS

Page 2

the correspondence with the CDCR regarding the acquisition of Kenden's property. see: Attachment B(1)

22)Trial counsel was ineffective in failing to contact Belter or Braun as witnesses, or in any other capacity, in order to lay a foundation for the admission of Kenden's confession. Trial counsel also chose a defense strategy despite this absence of investigation and the corresponding uninformed grasp of available strategies.

23)The omission of Kenden's confession was prejudicial to Petitioner because it would have bolstered the defendant's testimony and contradicted the prosecution's chief witness. In particular, the prosecution's case was beset by the following weaknesses:

a)The prosecution relied upon Carlos Ramirez, a witness of dubious credibility, to link Petitioner directly to the murders.

b)The case hinged on the credibility of Petitioner, Hughes, and Ramirez. Deceit acknowledged in their prior statements infringed on the veracity of their testimony. A fact frequently alluded to by the prosecution.

c)Aside from Petitioner and Hughes alleged confession to Ramirez, the prosecution presented no direct evidence that Petitioner perpetrated or was even present at the murders.

d)The jury deliberated from 9:36 a.m. to 3:48 p.m. on Jan. 7, 2013 and from 9:00 a.m. to 2:45 p.m. on Jan. 9, 2013. The jury also requested to have Ige's and Hughes' testimony read back underscoring the precarious nature of the conviction.

24)In November of 2016 Petitioner presented an early version of this petition for consideration to San Bernardino Superior Court. The court denied the petition citing a procedural default under the rules set forth in re Dixon.

25)Petitioner asserts that a good faith effort was put forth to obtain the pertinent documents and statements that would support this petition from Braun and Belter. Petitioner posits that he has made a prima facie case based on facts that if he were allowed to fully develop would show that he is entitled to relief. Denial of such an opportunity amounts to a denial of due process, as guaranteed by amendments 5 and 14 of the U.S. Constitution. see: Attachment B(5)

26)Petitioner further asserts that these facts substantiate a showing of cause and prejudice against the petitioner thereby qualifying the instant petition to be excused of the state procedural defaults imposed.

27)Petitioner would also like to direct the court's attention to the Tello rule. In re Tello the court ruled that: "Because claims of ineffective assistance are often more appropriately litigated in a habeas corpus proceeding the rules generally prohibiting raising an issue on habeas corpus that was or could have been, raised on appeal would not bar an ineffective assistance claim on habeas corpus."

28)Lacking the power to compel, Petitioner is unable to further develop these facts absent an evidentiary hearing. An evidentiary hearing is therefore requested.

29)Denial under Dixon is a procedural bar that is not adequate

ATTACHMENT A: HABEAS GROUNDS

and independent. This bar is inconsistently applied and the state has not clearly established what constitutes a "substantial basis" of a habeas claim.

30)Appellate counsel Waldemar D. Halka was ineffective in failing to raise ground 1&2 on appeal. Halka was informed of this claim by Petitioner, yet made no effort to investigate. Neither Belter nor Braun were contacted by appellate counsel. see: Attachment B(1)

### b.Supporting Cases

A)Strickland v. Washington, 466 U.S. 668(1984)
Trial counsel is ineffective in failing to pursue the admission of Kenden's confession.
B)Wiggins v. Smith, 123 S. Ct. 2527(2003)
Trial counsel is ineffective in failing to do sufficient pre-trial investigation.
C)Cheung v. Maddock, 32 F. Supp. 2d 1150(N.D. Cal. 1998)
Counsel is ineffective in failing to investigate and in failing to get the confession admitted into evidence.
D)Montgomery v. Peterson, 846 F. 2d 407, 413(7th Cir. 1988)
Not investigating potentially corroborating witnesses because of a belief that they have an apparent reason to be biased in defendant's favor is insufficient cause to automatically reject them.
E)Williamson v. Ward, 110 F.3d 1508(CA10 1997)
Trial counsel's failure to investigate the circumstances surrounding a confession left counsel unprepared to obtain the confessions admission at trial and fell below an objective standard of professional reasonableness.
F)Sanders v. Ratelle, 21 F.3d 1446(CA 9 1994)
Refusal even to listen to critical information from a key exculpatory witness regarding the basis of his client's most important defense cannot be deemed a permissible strategy.
G)People v. Cardenas, (1982) 31 Cal. 3d 897, 904-907
Six hours of deliberation shows a close case.
H)Lawson v. Borg, (9th Cir. 1995) 60 F.3d 608, 612
Nine hours of deliberations "deemed protracted"
I)People v. Williams, (1971) 22 Cal. App.3d 34, 38-40
Request for readback of critical testimony indicates closeness of the case.
J)Lema v. United States, 987 F.2d 48, 54 n.5(1st Cir. 1993)
Holding pro se complaints to less stringent standards than pleadings drafted by counsel.
K)People v. Tello, 15 Cal. 4th 264(1997)
Habeas corpus is the more "appropriate" mechanism for litigating claims of ineffective assistance.
L)District Attorney's Office v. Osborne, 557 U.S. 52(2009)
A habeas corpus petitioner is entitled to a fair opportunity in state court to discover and present potentially exculpatory evidence that was not contained in the record on direct appeal.
M)Lee v. Jacquez, No. 12-56258(9th Cir. June 9, 2015)
The uniformity in the application of Dixon found to be inconsistent.

ATTACHMENT A: HABEAS GROUNDS

Page 4

Ground Two

The trial court erred with two oversights that had a compound effect which hindered the defense. Petitioner's conviction resulted from state court errors which, taken together, denied Petitioner a fair trial. This violated Petitioner's constitutional right to a fair trial and due process of law, as guaranteed by Amendments 5 and 14 to the U.S. Constitution.
See:Estelle v. McGuire, 502 U.S. 62(1991)

a.Supporting Facts:

1)On November 19, 2012 the trial court and trial counsel Richard Crouter agreed that Danny Braun was the retained private investigator for Petitioner. It is  the understanding of Danny Braun that he was relieved from this case due to a conflict of interest stemming from his status as an incipient witness. Michael Belter agreed. see: Attachment B(1)&(3)

2)The trial court erred in appointing an ineligible investigator. see: Attachment B(3)

3)During trial, Crouter had submitted a Memorandum of Points and Authorities Regarding the Admissibility of Evidence.

4)The trial court postponed making a definitive ruling and never revisited the issue. see: Attachment B(4)

5)The trial court had a sua sponte duty to appoint an eligible investigator and to issue a ruling in response to the aforementioned memorandum. This prejudiced Petitioner in several ways:

a)When the trial court declined to issue a ruling, this effectively amounted to a ruling of inadmissibility as it forced trial counsel to proceed without a comprehensive knowledge of it's options.

b)The absence of a qualified investigator left trial counsel unprepared to adequately support the memorandum and consequently resulted in the trial court postponing it's ruling. see: Attachment B(4)

c)In the absence of an investigator and a ruling of admissibility, trial counsel made poor strategic decisions in trial.

d)Petitioner has been deprived of a vital fact finding mechanism integral to the trial process, and as a result the potentially exculpatory material available from Braun and Belter has yet to be revealed.

e)Appellate counsel for Petitioner was uncertain of how to proceed because of a void in the record of any admissibility ruling.

f)The cumulative errors described here deprived Petitioner of the right to a meaningful opportunity to present a defense. and denied Petitioner his right to a fair trial.

b.Supporting Cases

A)Estelle v. McGuire, 502 U.S. 62(1991)
B)Ake v. Oklahoma, 470 U.S. 78,84 L. Ed. 53, 105 S. Ct. 1087 (1987)
Indigent's right to resources
C)Lunberry v. Hornbeak, 605 F:3d 754(CA 9 2010)

ATTACHMENT A: HABEAS GROUNDS

Page 5

1    Due process includes a right to "a meaningful opportunity to
2  present a defense."

3

4    **Explain any delay in the discovery of the claimed grounds
    for relief and in raising the claims in this petition.**

5

6    Due to indigence, Petitioner was forced to conduct post-trial
  investigation utilizing only friends and family as available
7  resources. Petitioner was able to locate the now retired private
  investigator Danny Braun as well as the relocated attorney
8  Michael Belter. Depending mostly upon correspondence, Petitioner
  was able to elicit their cooperation. But lacking the power to
9  compel, Petitioner was unable to obtain the sworn statements he'd
  asked of them. The sworn statements were to contain their
10 testimony had they been called to testify. Petitioner postponed
  filing this Petition as long as possible in anticipation of
11 receiving these statements. Petitioner was only able to obtain
  a signed letter from Michael Belter.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A: HABEAS GROUNDS

Page 6

# ATTACHMENT "B"

## Index to Exhibits

| Exhibit Number | Page | Document Title | Applicable Ground |
|---|---|---|---|
| 1. | Pg. 1-2 | Letter from Petitioner's former counsel Michael Belter | Ground 1 & 2 |
| 2. | Pg. 3 | Excerpt from Memorandum of Points and Authorities Regarding the Admissibility of Evidence – Clerk's Transcript, volume 3 of 4, page 534. | Ground 1 |
| 3. | Pg. 4 | Excerpt from volume 1 of 7 of Reporter's Transcript, page 110. | Ground 2 |
| 4. | Pg. 5 | Excerpt from volume 1 of 7 of Reporter's Transcript, page 250. | Ground 1 & 2 |
| 5. | Pg. 6 | Sworn Statement from Ige | Ground 1 &2 |

# MONTEREY COUNTY

## OFFICE OF THE PUBLIC DEFENDER
(831) 755-5058 - 111 W. ALISAL STREET, SALINAS, CALIFORNIA 93901
JAMES S. EGAR
PUBLIC DEFENDER



Garrett Ige AN-9251

Pleasant Valley State Prison (PVSP) Facility C-2-214

P.O. Box 8500

Coalinga, California 93210


August 10, 2016

Re: People v. Ige, Case No. FBA700552


Mr. Ige,

Yesterday, I was contacted by defense investigator Dan Braun regards your trial and appeal in the above entitled matter. I employed Mr. Braun as a defense investigator while I worked on your case. I have since changed employment and now work for the Monterey County Public Defender.

While working on your case, Mr. Braun and I interviewed your brother, Kendon Ige, in preparation for the trial.  This interview was conducted at the California Department of Corrections approximately two days before his suicide. During this interview, Kendon stated that he alone was responsible for the homicide offenses. I directed Mr. Braun to prepare a report of the interview. Further, in response to the California

Department of Corrections notification of Kendon's death, I requested in writing, that all evidence and reports surrounding his suicide be maintained, including any note and or writings. I believe there was a "suicide note" taking full responsibility for the offenses.

As you may recall, as a result of becoming material witnesses to Kendon's admission and confession, I sought to withdraw as your attorney. The San Bernardino County Superior Court relieved Mr. Braun and myself.

In turn, I provided your new counsel, Richard Crowder, with my file, including a memorandum memorializing the interview with Kendon Ige. I maintained a copy of the Braun report, and the correspondence requesting the CDC to maintain all evidence, reports and writings relevant to Kendon's death.

I was not contacted by Mr. Crowder regards the Kendon Ige interview and or report, or my contacts with the California Department of Corrections. Over time, I did become aware that your matter proceeded to trial and the jury convicted you. I was not contacted by appellate counsel.

I am now aware that you are seeking the aforementioned documents. Please advise how best to make them available. I would prefer to forward them to habeas counsel, and or your representative. I await your instructions.

Sincerely,

Michael R. Belter

**Deputy Public Defender**

III

## KENDON IGE'S SUICIDE NOTE AND CONFESSIONS SHOULD BE ADMITTED

Kendon Ige, the brother of defendant here, Garrett Ige, was arrested, prosecuted, found guilty by a jury, and sentenced to Life In Prison Without The Possibility Of Parole. He appealed and while his appeal was pending he spoke to Mr. Ige's investigator, Danny Braun and Michael Belter, Mr. Ige's original attorney, on March 25th, 2011 at the California State Prison, Lancaster, California. He will testify that Kendon Ige confessed to him that he was responsible for the murders.(His original report has been misplaced. He has been asked to reconstruct the interview and provide copies for me, co-counsel Congdon and Sean Daugherty.)

On March 30th, 2011, while his appeal was still pending, he committed suicide by hanging himself in his prison cell. He left a suicide note and a "confession" letter. (Copies attached. We appear to be missing what might be page 1 of the suicide note.)

California Evidence Code Section 1230 provides: "Evidence of a statement by a declarant having sufficient knowledge of the subject is not made in admissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, was so far contrary to the declarant's pecuniary or proprietary interest, or so far subjected him to the risk of civil or criminal liability, or so far tended to render invalid a claim by him against another, or created such a risk of making him an object of hatred, ridicule, or social disgrace in the community, that a reasonable man in his position would not have made the statement unless he believed it to be true."

"There is no litmus test for the determination of whether a statement is trustworthy and falls within the declaration against interest exception. The trial court must look to the totality of the circumstances in which the statement was made, whether the declarant spoke from personal knowledge, the possible motivation of the declarant, what was actually said by the declarant and anything else relevant to the inquiry."

"Velasquez's 'facially incriminating comments [implicating himself and identifying appellants by their gang monikers] were in no way exculpatory....' (*People v. Samuels* (2005) 36 Cal.4th 96, 120.) His detailed statements were part of his explanation to someone he thought was

---

3

POINTS & AUTHORITIES REGARDING ADMISSIBILITY OF EVIDENCE

1     THE COURT:  Granted.  Designate an investigating
2  officer?
3     MR. DAUGHTERY:  Detective Leo Griego.
4     THE COURT:  Okay.  So designated.  And, Counsel, do you
5  have investigators that you would like to be able to have at
6  counsel table with you?
7     MR. CONGDON:  At this time, no.  I do have an
8  investigator, but I don't know that he will necessarily a part
9  of this.
10     THE COURT:  Okay.  If you change your mind you let me
11  know.
12   Mr. Crouter, you have Mr. Braun, if memory serves?
13     MR. CROUTER:  If necessary, but I won't have him here
14  all the time.
15     THE COURT:  Okay.  And?
16     MR. DAUGHTERY:  Also, well, I understand counsel has
17  some discovery they want to provide.  Or at least Mr. Crouter
18  wanted to provide, indicated to me.  So -- typically I would
19  boiler plate, put exclusion of defense witnesses in the
20  discovery.  I'll get that taken care of.
21     THE COURT:  Okay.  Well, I understand your concern, but
22  it would be sort of a preemptive strike right now, so we'll
23  wait and see.
24     MR. DAUGHTERY:  Absolutely.  I do have an exclusion of
25  admission -- any admission of evidence to prove third-party
26  culpability, other than Kendon Ige.
27     THE COURT:  I was just going to say since someone's been
28  convicted of this, it seems to me to be -- that's been

1   about" -- it looks like LMO before --

2       MR. CONGDON:  I think that's one month before.

3       THE COURT:  One month before.  That -- that seems to

4   start off in the middle of something to me.  It may well be

5   it's just one page.  It just doesn't strike me as a natural way

6   to begin a confession.

7       MR. CROUTER:  Confession is not a natural thing to do.

8       THE COURT:  Not according to Detective Griego.

9       MR. CROUTER:  In this case.

10      MR. DAUGHTERY:  I confess this all may be a little bit

11  premature.

12      THE COURT:  Really?

13      MR. DAUGHTERY:  Yes.

14      THE COURT:  Great.  The more information the better.

15      MR. DAUGHTERY:  Yes.  Yeah.  I think -- I think Friday

16  morning we may be able to resolve some of this, when we

17  interview a witness.

18      THE COURT:  Okay.  I'll gladly put it off until Friday

19  afternoon, as opposed to Friday morning.

20      MR. DAUGHTERY:  Yeah, that's fine.

21      THE COURT:  Okay.

22      MR. CROUTER:  The only other issue, and I don't know

23  whether the Court still feels the same way, I thought you

24  indicated that you either would like to see or wanted to see

25  someone who could authenticate Kenden Ige's handwriting.

26      THE COURT:  Well, it would be very helpful.

27      MR. CROUTER:  Would it -- is it necessary for

28  admissibility?

***Not To Be Photocopied Pursuant to Government Code 69954***
LONI L. HUNLEY, C.S.R.

ATTACHMENT B: EXHIBITS B(5)
Page 6


I, Garrett Kazuo Ige, contacted Danny Braun as part of a post trial investigation. I had made initial conact through my parents who located him and provided me with a phone number. Mr. Braun and I had a phone conversation in which he was very forth coming and agreed to provide me with a copy of his report regarding Kenden Ige's confession as well as a sworn statement about what he would have testified to had he been called. Shortly thereafter Braun inexplicably ceased communications and failed to fulfill his commitment.

Michael Belter contacted me via mailed correspondence a few weeks later. Belter informed me that he was in possession of a written correspondence with the CDCR regarding the acquisition of Kenden Ige's property and a copy of the Braun report. He'd asked me to provide him with contact information as to where I'd like to have the documents sent. I sent several responses to the two addresses  he had provided and received one response that appeared to show he had no knowledge about the letters I'd written him.

According to Braun both he and Belter had been relieved from the case due to a conflict of interest stemming from the Kenden Ige interview and his following suicide. I also tried to contact Richard Crouter and Byron Congdon with no success.


I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of May, 2017 at Coalinga, CA.

Garrett Kazuo Ige

1   Garrett Kazuo Ige (In pro per)
    A.S.P. Avenal CA 93204
2   P.O.Box 906

3
                UNITED STATES DISTRICT COURT
4               CENTRAL DISTRICT OF CALIFORNIA

5   Garrett Kazuo Ige,                    )
                                          )
6          Petitioner,                    )     MOTION FOR DISCOVERY
                                          )     PURSUANT TO RULE 6, HABEAS
7   v. Rosemary Ndoh, Warden Avenal       )     CORPUS RULES
    State Prison                          )
8                                         )     [Rule 6, HCR]
                                          )
9                                         )
           Respondent.                    )
10  _____

11       Petitioner is currently serving two life sentences without
    the possibility for parole due to a conviction in the matter
12  that this habeas corpus petition is addressing. Petitioner moves
    for the court to hold a deposition for the witnesses Danny Braun
13  and Michael Beleter.
         Braun and Belter are material witnesses necessary to
14  Petitioner's claim of ineffective assistance of counsel. The
    Petitioner has made a good faith effort to elicit the cooperation
15  of said witnesses to no effect. Lacking the power to compel,
    Petitioner was unable to attain the sworn statements sought for
16  the purpose of attachment to the habeas petition.
         The Superior Court of California thus ruled this petition
17  in violation of a procedural default under Dixon. Petitioner was
    able to provide a letter from Belter demonstrating that the facts
18  alledged exist. Petitioner hereby requests a fair opportunity in
    court to discover and present potentially exculpatory evidence
19  that was not contained in the record on direct appeal.
         This motion is based upon Habeas Rule 6 of the Habeas Corpus
20  Rules and Bracy v. Gramley, 520 U.S. 899(1997) which states good
    cause can be shown if "specific allegations before the court show
21  reason to believe that the petitioner may, if the facts are fully
    developed, be able to demonstrate that he is entitled to relief."
22
    Dated: June 4th, 2018
23
                                    By: _Garrett Ige_____
24                                       GARRETT KAZUO IGE

25                                       Petitioner, In pro per

26

27

28

1  Superior Court of California
   County of San Bernardino
2  247 W. Third Street
   San Bernardino, California 92415-0240

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

3                                                JAN 10 2017

4                                    BY_____
                                        JANET HINOJOSA, DEPUTY

5                    SUPERIOR COURT OF CALIFORNIA

6                  FOR THE COUNTY OF SAN BERNARDINO

7                     SAN BERNARDINO DISTRICT

8

9                                          )  Case No.:  WHCJS1600307
                                           )
10  In re the Petition of                  )
                                           )
11                                         )
                                           )
12      GARRETT KAZUO IGE                  )
                                           )
13                                         )  ORDER SUMMARILY DENYING
            Petitioner,                    )  PETITION FOR WRIT OF HABEAS
14                                         )  CORPUS
    For Writ of Habeas Corpus.             )
15                                         )
                                           )
16                                         )
                                           )
17                                         )
                                           )
18  _____)

19          Petitioner is currently serving a state prison sentence and has filed a Petition for

20  Writ of Habeas Corpus.  The Court has read and considered the Petition for Writ of

21  Habeas Corpus filed by Petitioner *pro se* on November 21, 2016, and RULES as

22  follows:

23          The petition raises issues that could have been raised on appeal, but were not,

24  and Petitioner has failed to allege facts establishing an exception to the rule barring

25  habeas consideration of claims that could have been raised on appeal.  (*In re Reno*

26  (2012) 55 Cal.4th 428, 490-493; *In re Dixon* (1953) 41 Cal.2d 756, 759.)  For this

27  reason, the petition is DENIED.

28

Court of Appeal, Fourth Appellate District, Division Two
Kevin J. Lane, Clerk/Administrator
Electronically FILED on 3/29/2017 by E. Ceballos, Deputy Clerk

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

ORDER

In re GARRETT KAZUO IGE

on Habeas Corpus.

E067916

(Super.Ct.Nos. WHCJS1600307
& FBA700552)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

CODRINGTON
Acting P. J.

Panel: Codrington
Slough
Miller

cc:    See attached list

1        No order to show cause having been issued, the request for appointment of

2   counsel is also DENIED.   (Cal. Rules of Court, rule 4.551(a)(1)&(2).)

3

4   Dated this _18th_ day of January 2017

5

6

7

8   HON. RAYMOND L. HAIGHT III

9   Presiding Judge of the Superior Court

# PROOF OF SEVICE BY MAIL

I, the undersigned certify that I am over the age of eighteen years and a resident of Kings County, California

My mailing address is:

A.S.P. 610-11-3u

Garrett Ige AN-9251

P.O. Box 906

Avenal, CA 93204

On June 4th, 2018 _____ I served the following named document(s):

Habeas Corpus Petition for the Central District of California with attachments and exhibits

on the following named party(s);

Clerk of the United States District Court for the Central District of California; Unite States Courthouse;
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

Kamala D. Harris
Office of the Attorney General
1300 "I" Street
Sacramento, CA 95814-2919

by placing a true copy thereof in an envelope, postage fully pre paid and delivering same to prison staff for inspection, sealing and subsequent placement in the United States Mail located at:
Avenal State Prison
1 Kings Way
Avenal, CA 93204

Pursuant to 28 U.S.C. 1746 (2) and California Code Of Civil Procedure 2015.5 (a), I declare, under penalty of perjury that the aforementioned is true and correct.

_____          Garrett Kazuo Ige
           (signature)                              (printed name)



A.S.P.
Gaskei Kazuo I. AV396
UTR# 406159
Avenal CA

LEGAL MAIL

AVENAL STATE PRISON
MAILROOM

Santa Clarita PSDC 9
TUE 05 JUN 2018  PM

Clerk of the United States District Court for the
Central District of California, United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

CLERK U.S. DISTRICT COURT
RECEIVED
JUN -7
CENTRAL DISTRICT OF CALIFORNIA
BY

Confidential

California Department of
Corrections and Rehabilitation

